Donald L. ALEXANDER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7839.

Court of Appeals of Alaska.

Dec. 28, 2001.

**544**

G. Blair McCune, Deputy Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Michael J. Stark, Assistant Attorney General, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

Donald L. Alexander was convicted of sexual assault in the first degree[1] and sexual abuse of a minor in the second degree.[2] Superior Court Judge Thomas M. Jahnke ordered the two convictions to merge, and imposed a fifteen-year sentence with five years suspended. As part of his sentence, Judge Jahnke ordered "defendant [to] take advantage of sex offender ... programs that are available in the facility unless an evaluator in the facility indicates that it's not necessary."

Within a few months of his projected release date, Alexander was transferred from Arizona to Lemon Creek Correctional Center near Juneau and enrolled in the pre-treatment sex offender program. This program was for prisoners who were within six months of release as preparation for treatment outside the prison as part of their probation or parole.

Alexander was removed from the program on the ground that he was not in compliance with the program's requirements. As a result of his discharge from the program, the parole board revoked Alexander's parole because of his failure to comply with Judge Jahnke's order requiring him to take advantage of sex offender treatment programs in the facility.

Alexander then filed an application for post-conviction relief challenging the parole board's decision. Superior Court Judge Trevor N. Stephens granted the state's motion for summary disposition. Alexander appeals from this decision. We affirm.

Alexander first contends that Judge Jahnke's order requiring him to "take advantage of sex offender ... programs that are available in the facility" was insufficient to support his parole revocation. Alaska Statute 12.55.015(a)(10) authorizes a court to "order the defendant, while incarcerated, to participate or comply with the treatment plan of a rehabilitative program that is related to the defendant's offense or to the defendant's rehabilitation if the program is made available to the defendant by the Department of Corrections." Alexander essentially contends that "take advantage of" has a materially

---

**1.** AS 11.41.410.

**2.** AS 11.41.436.

different meaning than "participate in or comply with."

In granting the state's motion for summary disposition, Judge Stephens ruled that "take advantage of" meant that Alexander had to "enroll in and fully participate" in the treatment program. Despite the parole board's reference to Alexander's failure to complete the treatment program, Judge Stephens found that the parole board's decision was that Alexander had failed to meaningfully participate in the program. We agree. In his judgment, Judge Jahnke *ordered,* rather than recommended, Alexander to take advantage of all sex offender programs. It seems clear that Judge Jahnke was issuing an order that derived its authority from AS 12.55.015(a)(10) and that he was requiring Alexander "to participate in ... the treatment plan." We believe that Judge Jahnke's order gave Alexander sufficient notice that he was to make meaningful efforts to participate in the treatment program.

Alexander next contends the parole board's decision to revoke his parole for noncompliance with the treatment program was based on insufficient evidence. The parole board's factual determinations are reviewed "to determine whether the decision was supported by substantial evidence," while its discretionary authority "is reviewed under the 'reasonable basis' standard to insure that [the board's] determinations are supported by evidence in the record as a whole and there is no[t] abuse of discretion."[3] Judge Stephens found that "though Mr. Alexander did not refuse to participate in all aspects of 'the' program, it is clear that he chose not to fully participate ... [and it was] reasonably determined that his removal was appropriate." This finding is supported by the record. We affirm Judge Stephens's order granting the state's motion for summary disposition.

AFFIRMED.

---

**3.** *Covington v. State,* 938 P.2d 1085, 1090–91 (Alaska App.1997) (citations omitted).